IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TAMI JO ABERNATHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 2:22-cv-223 |
| | § | |
| | § | |
| PROSPERITY BANK | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, TAMI JO ABERNATHY, files this Original Complaint and Jury Demand against Defendant PROSPERITY BANK, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act codified in Chapter 21 of the Texas Labor Code and the Family and Medical Leave Act.  For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff TAMI JO ABERNATHY is a resident of Carthage, Texas.

2. Defendant PROSPERITY BANK (hereinafter "PROSPERITY BANK") is a Texas State Financial Institutional which can be served with Citation through its Registered Agent, Charlotte M. Rasche at 80 Sugar Creek Center Blvd., Sugar Land, TX 77478.

3. This Court has jurisdiction to hear the merits of Ms. Abernathy's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).  The Court has supplemental jurisdiction over Ms. Abernathy's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a)

(incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in the Eastern District of Texas.

## II.
## FACTUAL BACKGROUND

5.     Plaintiff Abernathy was employed as the President of the Prosperity Bank branch in Carthage, Texas for approximately 20 years before she was terminated on March 26, 2021, allegedly for job performance issues. Plaintiff contends that the proffered reasons articulated by Defendant to justify her termination were a pretext for disability discrimination as described herein.

6.     On November 1, 2015, Abernathy went to the Emergency Room at Regional Medical Center in Longview, Texas, where the doctors performed several tests. Plaintiff was told that they believed she had a blood disease and was referred to her Personal Doctor the next day and to get her to refer Plaintiff to an Oncologist by the end of the week.

7.     On November 2, 2015, Abernathy visited her primary care physician, Suzanne Blake, in Carthage who had been Plaintiffs doctor for over 10 years. Dr. Blake referred Plaintiff to Dr. Duncan at Texas Oncology in Longview.

8.     On November 4, 2015, Abernathy was diagnosed with Acute Lymphatic Leukemia (ALL).  On November 5, 2015, Plaintiff was admitted to Baylor Medical Center in Dallas where they performed a Bone Marrow Test.

9.     On November 6, 2015, Plaintiff started her first dose of chemo and did so for several days.  Somewhere around this time Plaintiff completed paperwork to request FMLA leave. Plaintiff's physician stated on the FMLA form that she could take calls and call her clients on a daily basis.  The bank agreed to the terms of Plaintiff's work restrictions, so she was paid ½ day wages and the other counted toward her FMLA hours.  Plaintiff did this until May 2016.

10. On February 13, 2016, Plaintiff received a bone marrow transplant and remained in the hospital for about 3 weeks and was required to stay in Dallas for 4 more weeks. Thereafter, Plaintiff resumed her duties as president of the Prosperity Bank Carthage branch.

11. In the Spring of 2020, when COVID 19 hit and the CDC allowed people to work from home, Plaintiff's oncologist, Dr. Berryman prepared a letter which requested that Prosperity Bank allow Abernathy to work from home and Prosperity Bank accommodated this request.

12. On May 20, 2020, Plaintiff woke up that morning with excessive swelling all over her body. Soon thereafter, Abernathy was diagnosed with Graff VS Host Disease, which affected her whole body by retaining fluid. Plaintiff also broke her right foot and was also determined to have nerve impairment due to the swelling in her legs.

13. Around January 13, 2021, Jason Sobel called Abernathy from Prosperity Bank and informed her that she had to be physically back to work in the bank on the 19th of January. Prior to that time, Abernathy had been performing her duties from home.

14. On January 13, 2021, Sobel called and said he was coming to visit, and showed up at the bank with Eddie Lick. That morning Plaintiff had submitted another letter from Dr. Berryman to HR.  Once they arrived in Carthage, they did not inform Plaintiff they were in the building, she was in a back office.  It took hours as they were talking back and forth to HR trying to decide what to do.  They proceeded to give Plaintiff a 30-day warning of termination. Sobel and Lick addressed the fact that Plaintiff had not met her goals for 2020 and that her working from home was not working.  Prior to this time, Plaintiff had not had any disciplinary action taken against her due to any job performance issues. Prior to her illness, Plaintiff was #3 lender in 2018 in East Texas #2 lender in 2019.

15. Plaintiff was informed that she had 30 days to increase her loan pipeline and get

loans closed. The requirements presented to Abernathy were unrealistic and Abernathy was being set up for failure. It was not feasible to get real estate loans commercial, or consumer loans closed within 30 days as there are factors, such as appraisals and title work that are beyond the loan officer's control. Abernathy was told as long as she had the required amount of loans in Plaintiff's pipeline that the bank would count those loan applications and those in process. However, the day Plaintiff was fired she had approximately $750,000.00 in commercial loans and approximately $1 Million in consumer real estate loans pending.

16. Also, in February 2021, Abernathy was #2 lender in East Texas, but that number included the PPP loans and Defendant decided that the PPP loans did not count for Abernathy's overall performance. This was over $2 million in loans. Plaintiff contends and therefore alleges that Defendant arbitrarily set standards for her that were not imposed on other employees who do not have disabilities.

17. On March 26, 2021, Jason Sobel came to Plaintiff's office and fired her ostensibly for failing to produce the required loan volume. However, believes that therefore alleges that the reasons for her termination were false and a pretext for disability discrimination and in retaliation for her seeking and receiving protected leave under the Family and Medical Leave Act.

### III.
### CAUSES OF ACTION
### COUNT ONE:

### Discrimination on the Basis of Association with a Person with a Disability
### in violation of the ADA and TCHRA

18. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

19. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful

for an employer to discriminate against any individual with respect to her employment because of that individual's association with a person with a disability.

20. Defendant is an employer under the ADA and the TCHRA.

21. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination.

22. Plaintiff was terminated as a direct result of her disability related to her Acute Lymphatic Leukemia and Graff VS Host Disease.

23. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by terminating Plaintiff's employment. Plaintiff's disability was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.

24. Alternatively, Defendant violated both the ADA and TCHRA by failing to accommodate Plaintiff's need to work remotely.

25. Alternatively, Defendant violated both the ADA and TECHRA by regarding her as being disabled when it made the decision to terminate Plaintiff.

## COUNT TWO

### Family and Medical Leave Act

26. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions that prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA.

Defendants violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

27. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.
## ECONOMIC DAMAGES

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.
## COMPENSATORY DAMAGES

29. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

30. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

31. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, *supra*.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

32. A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

33. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable

accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

      Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

                                              Respectfully submitted,

                                              <u>/s/ *William S. Hommel, Jr.*</u>
                                              William S. Hommel, Jr.
                                              bhommel@hommelfirm.com
                                              State Bar No. 09934250
                                              Hommel Law Firm PC
                                              5620 Old Bullard Road, Suite 115
                                              Tyler, Texas 75703
                                              903-596-7100 Phone/Facsimile

                                              **ATTORNEY FOR PLAINTIFF**